**In the Matter of DCSE/A.G.S., Petitioner**

**v.**

**R.T.S., Respondent.**

No. CS98–11337.
Petition No. 09–38025.

Family Court of Delaware,
Sussex County.

Submitted: Nov. 19, 2010.
Decided: Dec. 7, 2010.

John X. Denney Jr., Esquire, Mattleman, Weinroth, & Miller, P.C., Newark, Delaware, Attorney for A.G.S.

R.T.S., pro se.

## REVIEW OF COMMISSIONER'S ORDER

## OPINION [1]

JONES, J.

Pending before the Court is a Request for Review of a Commissioner's Order filed by A.G.S. (mother) on November 19, 2010. Mother requests that the Court review an Order issued by a Commissioner of this Court on October 29, 2010. The Commissioner entered an Order for Permanent Arrears/Contempt Support in favor of mother and against R.T.S. (father). There was no hearing in this matter.

### Background and Facts

Mother, by and through counsel, filed a Petition to Set Arrears on November 19, 2009. In mother's petition, she set forth that Judge Herbert Cobin of the New Castle County Family Court issued an Order against father and in the interest of V.A.S., (DOB 1972), and R.T.S., Jr., (DOB 1974), on September 8, 1977. The Order required father to pay $80.00 per week in support, to commence on August 12, 1977. Mother described the extensive history of her case, spanning more than thirty years, including, but not limited to, a discussion of all applicable petitions, capiases, and Orders.

In a letter to the parties, dated December 17, 2009, authorizing mother to conduct discovery by deposition on the Division of Child Support Enforcement (DCSE), the Commissioner noted that mother's action sought the accrued unpaid support as well as interest on the obligation. He stated that child support judgments customarily had not included an assessment of interest and that, therefore, the Court requested that counsel provide the legal basis upon which an interest assessment could be made.

On April 1, 2010, a hearing occurred in the matter. Subsequently, on April 6, 2010, a Commissioner of this Court issued an Interim Arrears/Contempt Support Order in favor of mother and against father. Pursuant to this Order, father owed arrears/retroactive support in the amount of $27,943.60 as of March 18, 2010, to be paid in the amount of $650.00 per month to DCSE. The Commissioner noted in the Order that mother, through counsel, disputed the tabulation of arrears, the value of the AFDC assignment, and the absence of post-judgment interest.

On July 9, 2010, the Commissioner sent a letter to the parties, updating them on outstanding issues related to the case, and informing them that the primary issue left in dispute was whether mother was entitled to retroactive simple interest on the

---

1. Pursuant to Delaware Supreme Court Rule 7(d), pseudonyms have been substituted for the names of the parties. Also, all address of property and birthdates have been redacted. Del. Sup.Ct. R. 7(d).

arrears. Accordingly, the Commissioner requested that the parties submit legal arguments to the Court with their suggested tabulations. Pursuant to this request, mother submitted her Memorandum in Support of Setting Arrears and Interest on Past Due Child Support (Memorandum) on August 30, 2010. Prior to mother's submission, the Deputy Attorney General had notified the Court by letter dated July 23, 2010, that DCSE was not seeking any interest on the AFDC arrears owed to the State.

Thereafter, the Commissioner considered mother's Memorandum and issued a Permanent Arrears/Contempt Support Order on October 29, 2010, finding that father owed arrears/retroactive support in the amount of $93,369.10 as of November 1, 2010, and requiring him to pay $772.66 per month in arrears and interest to Delaware's Division of Child Support Enforcement (DCSE).

In the Order, the Commissioner noted that the primary issue in consideration was interest assessment on father's delinquent arrears. The Commissioner stated that although Title 13, Chapter 5 of the *Delaware Code* is a comprehensive statement of the law with regard to child support enforcement, it contains no reference to judgment interest. Therefore, he came to the conclusion that any assessment of interest was discretionary. He found interest to be appropriate in this case, due to father's actions in abandoning his children and fleeing Delaware to avoid his support obli-

gation. He determined that the rate of interest was determined at the time of the judgment and that each missed payment was technically a judgment. The Commissioner further articulated that he used his discretion to average the applicable rate of interest for the ten-year period over which the obligation accrued, ultimately arriving at a rate of 11.488%. He attached 2 schedules; a retroactive tabulation and a prospective payment plan, thereby establishing a payment plan for father.

### Mother's Objections to the Commissioner's Order

On November 19, 2010, mother, by and through counsel, timely filed a Request for Review of Commissioner's Order, detailing her objections to the October 29, 2010 Order. She provided statutory authority and case law to support her position. Notably, much of mother's argument is identical to that contained in the Memorandum she submitted to the Commissioner prior to the issuance of his Order.

Specifically, mother argues that although the Commissioner concluded that the assessment of interest in child support cases is discretionary, Delaware law provides that interest on a Delaware judgment is awarded as a matter of right. To this effect, mother argues that any payment for child support is a final judgment with full force and effect.[2]

Mother argues that this principle was codified in Federal law on July 1, 1986 as a part of the Bradley Amendment. She con-

---

2. Mother cites 42 U.S.C.A. § 666(a)(9), which states in pertinent part:

"(9) Procedures which require that any payment or installment of support under any child support order, whether ordered through the State judicial system or through the expedited processes required by paragraph (2), is (on and after the date it is due)—

(A) a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced,
(B) entitled as a judgment to full faith and credit in such State and in any other State, and
(C) not subject to retroactive modification by such State or by any other State . . ."

tends that all states were required to adopt the this enactment, and that, as such, it was implemented in this state on March 25, 1987, pursuant to House Bill No. 61, through which Delaware amended Title 13 of the *Delaware Code.*[3]

At present, the amendment mother references is codified at 13 Del. C. § 513(c)(2) which states:

> Where an order for child support, including orders issued prior to March 31, 1987, has been entered under this chapter, Chapter 6 or Chapter 15 of this title, the right of each and every child support installment or payment becomes absolute and vested upon coming due with the full force, effect and attributes of a judgment of the Family Court of the State.[4]

She further cites the Synopsis to House Bill No. 61 which states in part, "An obligation to pay child support will have a full force and effect of judgment of the Family Court … These provisions are required by Federal Law (HR 5300–Budget Reconcilation)."[5]

Moreover, responding to the Commissioner's statement that Title 13, Chapter 5 of the *Delaware Code* does not provide for an assessment of interest in child support cases, mother asserts that no statutory pronouncement is necessary for post-judgment interest to be awarded. She cites the Delaware Supreme Court case, *Moskowitz v. Mayor and Council of Wilmington,* 391 A.2d 209, (Del.Supr.Ct.1978), to support her proposition that post-judgment interest is a matter of right in Delaware.

Mother argues that the Commissioner did not cite any authority for the position that post-judgment interest must be stated in the statutory enactment creating the basis for the judgment, nor did he cite any authority for the position that post-judgment interest is discretionary if not statutory.

The root of mother's argument lies in her claim that the Commissioner, in using his stated discretion, incorrectly calculated the interest, by not finding that each missed payment was a judgment. She also claims that the Commissioner abused his discretion by averaging the applicable rate of interest, without citing authority for his ability to do so. In summation, she argues that by determining that interest assessment was discretionary, and averaging the interest rate, the Commissioner deviated from the judicially recognized method for calculating post-judgment interest. She contends that under settled Delaware law, post-judgment interest is calculated by multiplying the judgment amount by the legal rate, and then multiplying that figure by the period for which the judgment remains unpaid. Mother additionally argues that the Commissioner arbitrarily created a payment plan for father without statutory authority, or judicial precedent.

Mother contends that the calculation of post-judgment interest completed by her expert Certified Public Accountant and attached to her August 30, 2010 Memoran-

---

**3.** Mother states that House Bill No. 61 amended 13 Del. C. § 513 by adding:

"(c)(1) Where an order for support, including orders issued prior to the effective date of this Act has been entered under this Chapter, Chapter 6, or where the order is one of unallocated alimony and child support under Chapter 15 of this Title, the right of each and every support installment or payment becomes absolute and vested upon coming due with the full force, effect and attributes of a judgment of the Family Court of the State of Delaware."

**4.** Del.Code Ann. tit. 13 § 513(c)(2) (2009).

**5.** See Mother's Exhibit A.

dum, is factually and legally accurate under Delaware law.

Mother requests that the Commissioner's Order of October 29, 2010 be corrected to reflect the amount of her child support arrears as $35,034.05 and interest as $102,468.86 as of September 1, 2010. She further requests an increase in the attachment amount of father's Social Security to 65% of the monthly benefit.

## Legal Standard

■ The *Delaware Code* confers upon this Court appellate jurisdiction over a Commissioner's Order. Specifically, the Code provides that, "[a]ny party, except a party in default of appearance before a Commissioner, may appeal a final order of a Commissioner to a judge of the Court." [6] A Commissioner's Order may be appealed to a judge of the Court within 30 days by filing written objections that set forth with particularity the basis of each objection of the commissioner's order.[7] From an appeal of a Commissioner's Order, this Court must make a *de novo* determination based on the record below. However, the Court is not required to accept additional evidence, but:

> The Court shall only accept such additional evidence if it finds: 1) that it is newly discovered evidence which by due diligence could not have been discovered in time to offer it before issuance of the commissioner's order or 2) if the circumstances are such as would justify reopening the record in the interest of justice. If the Court determines that the additional evidence should be considered, it may remand the matter to the commissioner to hear additional evidence or the Court may hear and consider the additional evidence or the Court may conduct a *de novo* hearing.[8]

A judge deciding an appeal from a Commissioner's Order may accept, reject, or modify in whole or in part, the Commissioner's Order.[9]

## Findings and Conclusions

To begin, the Court acknowledges the Commissioner's note in his December 17, 2009 letter to the parties, in which he stated that customarily, child support judgments do not include interest. The Court further recognizes the Commissioner's contention that due to the fact that Title 13, Chapter 5 of the *Delaware Code* does not offer statutory guidance on the issue of interest assessments on child support arrears, he determined such an award to be in his discretion.

■ However, the Court is persuaded by mother's cited legal authority establishing that legal interest on a judgment is awarded as a matter of right in Delaware, and that an order for child support is enforceable as of the date the sum becomes due.

What is more, in addition to the legal precedent provided by mother, the Court has identified further applicable authority, specifically the case *Ptak v. Ptak*, 1987 WL 8227 (Del.Super.Ct.1987). In *Ptak*, a Delaware Superior Court reviewed a Family Court decision, which, in part, granted interest on child support arrears.[10] The Court cited the same authority mother cites in the instant case, *Moskowitz v. Mayor & Council of Wilmington*, setting forth that interest on Delaware judgments

---

6. Del.Code Ann. tit. 10 § 915(d)(1) (1999).

7. Del.Fam. Ct. Civ. R. 53.1(b).

8. Del.Fam. Ct. Civ. R. 53.1(e).

9. Del.Fam. Ct. Civ. R. 53.1(f).

10. *Ptak v. Ptak*, 1987 WL 8227 *1 (Del.Super.Ct.1987).

is awarded as a matter of right and not of judicial discretion.[11] *Ptak* also states, "... there is ample authority for the proposition that interest on amounts of specific periodic payments runs from the time each payment becomes due and owing."[12]

 Therefore, pursuant to an interpretation of Delaware precedent, the Court finds that the Commissioner erred in determining that assessment of interest on child support arrears was discretionary, and that he further erred in averaging the interest rate, in contravention of the principle that interest accrues as of the date the judgment becomes due.

Accordingly, mother's Request for a Review of Commissioner's Order is granted. The Order is remanded to the Commissioner to recalculate the interest assessment on father's child support arrearage obligation. In so far as mother's request to increase the attachment amount of father's Social Security to 65% of the monthly benefit is concerned, the Court gives leave for the Commissioner to determine if this increase is appropriate given the pending increase in the total amount owed by father.

**IT IS SO ORDERED.**

11. *Id.* at *3.

12. *Id.*